UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANCISCO A. LARA,

Petitioner,

v.

WARDEN BAKER, *et al.*,

Respondents.

Case No. 3:17-cv-00544-MMD-WGC

ORDER

**I.    INTRODUCTION**

This action is a petition for writ of habeas corpus by Nevada prisoner Francisco A. Lara. Respondents have filed a motion to dismiss Ground 6 of Lara's amended habeas petition. (ECF No. 16.) The Court has reviewed Petitioner's response (ECF No. 24) and Respondents' reply (ECF No. 25). For the following reasons, the Court will deny the motion to dismiss and will set a schedule for Respondents to file an answer.

**II.    BACKGROUND**

Following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, Lara was convicted, on July 19, 2012, of five counts of sexual assault of a child under fourteen years of age and one count of attempt to suborn perjury. (*See* Judgment of Conviction, Petitioner's Exh. 1 (ECF No. 15-1).) Lara was sentenced to multiple life prison sentences, with parole eligibility after 70 years, plus a consecutive one-year sentence for the attempt to suborn perjury. (*See id.*)

///

Lara appealed, and the Nevada Supreme Court affirmed the judgment of conviction on October 16, 2013. (*See* Order of Affirmance, Petitioner's Exh. 4 (ECF No. 15-4).)

Lara filed a petition for writ of habeas corpus, *pro se*, in the state district court on July 25, 2012. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 115 (ECF No. 19-34).) Subsequently, with counsel, Lara supplemented his petition. (*See* Supplemental Petition, Exh. 157 (ECF No. 20-36); Supplemental Petition Reply, Exh. 162 (ECF No. 21-1).) The state district court held an evidentiary hearing (*see* Transcript of Evidentiary Hearing, Exh. 167 (ECF No. 21-6)), and then denied Lara's petition on December 30, 2015. (*See* Findings of Fact, Conclusions of Law and Order, Exh. 171 (ECF No. 21-10).) Lara appealed, and the Nevada Court of Appeals affirmed on January 19, 2017. (*See* Order of Affirmance, Petitioner's Exh. 8 (ECF No. 15-8).)

On September 12, 2017, Lara initiated a second state habeas action. (*See* Petition for Writ of Habeas Corpus, Exh. 190 (ECF No. 21-29).) The state district court dismissed that petition on December 4, 2017, ruling it procedurally barred. (*See* Findings of Fact, Conclusions of Law and Order, Exh. 193 (ECF No. 21-32).) Lara appealed (*see* Notice of Appeal, Exh. 194 (ECF No. 21-33)), and it appears that appeal remains pending. (*See* Motion to Dismiss (ECF No. 16) at 3.)

This Court received Lara's original *pro se* federal habeas corpus petition for filing, initiating this action, on September 7, 2017 (ECF No. 6). The Court appointed counsel to represent Lara (ECF No. 5), and Lara filed an amended habeas petition with counsel on February 13, 2018 (ECF No. 14). Lara's amended petition includes the following claims:

> Ground 1: Lara's federal constitutional rights were violated because "the trial court refused to order a psychological exam of the child victim" (*See* Amended Petition (ECF No. 14) at 13-22.)
>
> Ground 2: Lara's federal constitutional rights were violated because "the trial court admitted cumulative hearsay testimony regarding the victim's statements." (*See id.* at 22-25.)
>
> Ground 3: Lara's federal constitutional rights were violated because "the trial court admitted coerced and involuntary statements by Lara." (*See id.* at 25-30.)

2

  Ground 4: Lara's federal constitutional rights were violated as a result of ineffective assistance of counsel "where his trial counsel did not adequately explain the plea offer to Lara." (*See id.* at 30-34.)

  Ground 5: Lara's federal constitutional rights were violated as a result of ineffective assistance of counsel because his trial counsel "did not adequately cross-examine the victim." (*See id.* at 34-39.)

  Ground 6: Lara's federal constitutional rights were violated as a result of ineffective assistance of counsel because his trial counsel "did not object to the testimony of Faiza Ebrahim." (*See id.* at 40-42.)

On April 16, 2018, Respondents filed a motion to dismiss Ground 6 of Lara's amended petition (ECF No. 16), arguing that Ground 6 has not been exhausted in state court. On July 13, 2018, Lara filed an opposition to the motion to dismiss (ECF No. 24), and on August 8, 2018, Respondents filed a reply (ECF No. 25).

**III. DISCUSSION**

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

In Ground 6, Lara claims that his federal constitutional rights were violated as a result of ineffective assistance of counsel because his trial counsel "did not object to the testimony of Faiza Ebrahim." (*See* Amended Petition (ECF No. 14) at 40-42). Lara did not assert this claim on his direct appeal, or on the appeal in his first state habeas action. (*See* Appellant's Opening Brief, Petitioner's Exh. 2 (ECF No. 15-2); Appellant's Opening Brief, Petitioner's Exh. 6 (ECF No. 15-6).) Indeed, Lara concedes that he did not exhaust

3

Ground 6 on his direct appeal or in his first state habeas action. (*See* Amended Petition (ECF No. 14) at 40 ("This issue is unexhausted."); Opposition to Motion to Dismiss (ECF No. 24) at 2-5.)

Lara goes on to argue, however, that Ground 6 is now barred in state court, and, therefore, it is technically exhausted, but subject to the doctrine of procedural default in this federal habeas action. (*See* Opposition to Motion to Dismiss (ECF No. 24) at 2-5.) Respondents agree that this Court should consider Ground 6 to be procedurally barred in state court and subject to the anticipatory procedural default doctrine. (*See* Reply in Support of Motion to Dismiss (ECF No. 25) at 2.)

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In *Coleman*, the Supreme Court held that a state prisoner who fails to comply with the State's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state

procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15 (citing *Coleman*, 501 U.S. at 746-47). The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. at 8.

Under *Martinez*, Lara might be able to overcome the anticipatory procedural default of the claim of ineffective assistance of trial counsel in Ground 6 by showing ineffective assistance of his state habeas counsel with respect to that claim.

Respondents argue that Lara cannot show good cause regarding the procedural default of Ground 6, under *Martinez*, because the claim that his state habeas counsel was ineffective is itself unexhausted and, therefore, procedurally defaulted. (*See* Reply in Support of Motion to Dismiss (ECF No. 25) at 3-4.) That argument is without merit. A claim of ineffective assistance of state post-conviction counsel is not a valid claim for federal habeas corpus relief; there is no federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S.

1 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, there is no such claim to be exhausted in state court.

Respondents also argue that "Lara has not asserted a claim of ineffective assistance of post-conviction counsel for failing to raise the claims in Ground 6 in an effort to overcome his procedural defaults in a state habeas petition." (Reply in Support of Motion to Dismiss (ECF No. 25) at 3-4.) That argument is also without merit. Under Nevada law, in non-capital cases, ineffective assistance of post-conviction counsel is not good cause, to excuse a procedural bar. *See Brown v. McDaniel*, 331 P.3d 867, 870 (Nev. 2014) ("We have consistently held that the ineffective assistance of post-conviction counsel in a noncapital case may not constitute 'good cause' to excuse procedural defaults.").

Lara might possibly be able to show that ineffective assistance of his state post-conviction counsel was cause for the procedural default of Ground 6. That issue, however, is entwined with the question of the merits of the claim, such that it cannot be properly addressed at this time, but will be better addressed, in conjunction with the merits of the claim, after Respondents file an answer. The Court will, therefore, deny Respondents' motion to dismiss, without prejudice to Respondents asserting the procedural default defense to Ground 6 in their answer, along with their argument regarding the merits of the claim.

**IV. CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 16) is denied without prejudice.

It is further ordered that, within ninety (90) days from the date of this Order, Respondents are to file an answer, responding to the claims in the amended habeas petition.

///

///

///

6

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered November 3, 2017 (ECF No. 10) will remain in effect.

DATED THIS 20th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE